IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

---

KAREN MARSHALL, individually and on behalf
of all others similarly situated,

                          Plaintiff,

-against-

FRONTLINE ASSET STRATEGIES, and
LVNV FUNDING, LLC

                          Defendant.

---

Civil Action No.: 3:19-cv-107

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff, KAREN MARSHALL (hereinafter, "Plaintiff"), an Indiana resident, brings this Class Action Complaint by and through the undersigned attorneys against Defendants FRONTLINE ASSET STRATGIES (hereinafter, "Frontline") and LVNV FUNDING, LLC (hereinafter, LVNV)(hereinafter collectively "Defendants") individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C.

§§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action on behalf of a class of Indiana consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of Indiana and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Frontline is a collection agency with its principal place of business located at 2700 Snelling Avenue North, Suite 250, Roseville, Minnesota 55113.

9. Upon information and belief, Frontline is a company that uses the mail, telephone, or

facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Frontline is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11. LVNV is a Delaware limited liability company with its principal place of business located at 625 Pilot road, Suite 3, Las Vegas, Nevada 89119.

12. LVNV is a debt buyer which purchases past-due and defaulted consumer accounts for pennies on the dollar, and then attempts to collect those accounts itself or through third party collection agencies.

13. The principal purpose of LVNV is the collection of defaulted debts.

14. LVNV is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

16. Some time prior to March 6, 2019, an obligation was allegedly incurred to SYNCHRONY BANK.

17. Sometime thereafter, the alleged debt was sold or assigned to LVNV.

18. The SYNCHRONY BANK obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19. The alleged SYNCHRONY BANK obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

20. SYNCHRONY BANK is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

21. LVNV contracted Frontline to collect the alleged debt.

22. Frontline is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

23. On or about March 6, 2019, Frontline sent to the Plaintiff a collection letter (the "Letter") regarding the alleged consumer debt. *See* **Exhibit A.**

24. Upon information and belief, the Letter was the first communication from Frontline to the Plaintiff with regards to the alleged debt.

25. Plaintiff received the letter and read it.

26. The Letter states in part: "If we are unable to resolve your during the time it remains in our office our client will recall your account and may forward it to an attorney."

27. Upon information and belief, at the time the letter was sent Frontline had no information or knowledge as to whether the current creditor would refer this account to an attorney or not.

28. Upon information and belief, Frontline had no power or ability to have this account referred to an attorney.

29. Upon information and belief, Defendant referred to the account being forwarded to an attorney solely for the purpose of misleading Plaintiff into thinking that the "price of poker" has gone up.

30. Plaintiff, as would any least sophisticated consumer, read the above statements and was led to believe that if she did not pay the debt while the account is with the Frontline's office, an attorney will review her account for possible lawsuit.

31. Plaintiff, further had no idea how long the account would remain with the Frontline. Plaintiff was left unsure if account would be left with Frontline for a day, a week, a month or sometime longer than that.

32. Plaintiff was left to believe that she had to pay the debt immediately, or risk the account being referred to an attorney for possible lawsuit.

33. Pursuant to the FDCPA, any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

34. By falsely implying that Plaintiff was at risk of having her account recalled and sent to an attorney should she fail to pay the total balance due while the debt remains in Frontline's office, which could have been any day, Defendants overshadowed Plaintiff's validation rights.

35. The purpose and effect of the threat to forward the account to an attorney is to mislead, deceive and scare consumers into believing that a lawsuit for the alleged debt is imminent.

36. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed. Plaintiff was harmed by being subjected to deceptive and misleading collection practices, from which she had a substantive right to be free, by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would make payment decisions that she may not have had she be given only truthful information, and by being deprived of information to which she was statutorily entitled to receive.

37. Defendants' actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

38. Plaintiffs bring this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

    a. Class A consists of (a) all individuals with addresses in the state of Indiana (b) to whom Frontline (c) sent an initial collection letter attempting to collect a consumer debt owed to LVNV Funding, LLC (d) containing language preceding the validation notice "If we are unable to resolve your account during the time it remains in our office our client will recall your account and may forward it to an attorney" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

    b. Class B consists of (a) all individuals with addresses in the state of Indiana (b) to whom Frontline (c) sent a collection letter attempting to collect a consumer debt owed to LVNV Funding, LLC (d) containing language "If we are unable to resolve your account during the time it remains in our office our client will recall your account and may forward it to an attorney" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

39. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect debts.

40. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

41. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibits A,*** violate 15 U.S.C. §§ 1692e and 1692g.

42. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

43. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

44. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e and 1692g.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the

Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

45. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

49. Pursuant to Section 15 U.S.C. §1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

50. The Defendant violated said provision by:

    a. Threatening to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    b. Using false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e(10).

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

54. The Defendant violated said section by:

- Overshadowing the validation notice in violation of § 1692g(b).

55. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*g et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

56. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff and the Class statutory damages;

(b) Awarding Plaintiff and the Class actual damages;

(c) Awarding Plaintiff and the Class costs of this Action, including reasonable attorneys' fees and expenses;

(d) Awarding pre-judgment interest and post-judgment interest; and

(e) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 17, 2019

**By:** /s/ Yitzchak Zelman____
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC

>701 Cookman Avenue, Suite 300
>Asbury Park, New Jersey 07712
>(732) 695-3282 telephone
>(732) 298-6256 facsimile
>YZelman@marcuszelman.com
>*Attorney for Plaintiff*